## HUGHES v. STATE BOARD OF MEDICAL EXAMINERS.
### (two cases).

1. While for convenience, in the several divisions of Fulton superior court, it may be necessary to designate the court in which the jurors shall serve, their qualifications are the same, and those composing the panels in the criminal division are competent to try cases in the civil division.

2. Where the jury did not pass on the issues involved, the verdict being directed by the court, the movant was not injured by the court's refusal to declare a mistrial because adverse counsel stated in open court that he was willing to take either panel of the jury.

3. An exception to a ruling that a certain notice was sufficient, not setting out the notice literally or in substance or attaching it as an exhibit, does not properly raise a question for decision by the reviewing court.

4. The court did not err in admitting in evidence the indictment and sentence of the defendant in the U. S. district court of Texas, for the crime of "using the U. S. mail in the furtherance of a scheme to defraud, and conspiracy in violation of section 215 of the Federal Penal Code," over the objection that it did not "serve to establish any valid charge against the defendant upon which to base any attempted revocation of his license to practice medicine."

5. Nor was it error to admit in evidence the sentence of the defendant in the case just referred to, in accordance with the provisions of the Federal statute cited.

6. The court properly admitted in evidence the defendant's petition to enjoin the State Board of Medical Examiners from hearing the charges brought against him, with an amendment to which was attached a copy of the pamphlet with the publication and circulation of which he was charged, and which constituted ¯one of the grounds for revocation of his license as a physician.

7. It was not error hurtful to the defendant to admit, over objection, certain recitals in briefs read on the trial, containing facts shown by ad-

Appeal and Error, 4 C. J. p. 539, n. 17; p. 957, n. 65.
Juries, 35 C. J. p. 254, n. 81.
Physicians and Surgeons, 30 Cyc. p. 1555, n. 80; p. 1558, n. 97.

missions by defendant in his petition for injunction, and by evidence introduced by him.

8. The court properly admitted in evidence the pamphlets entitled "New Street Guide of Atlanta. Record Book of Useful Medical Receipts. 1923 Edition," the contents thereof being the same as those of the pamphlet attached to the original charges against the defendant.

9. It was not error to overrule a motion for nonsuit.

10. The court properly repelled from evidence certain passages in four pamphlets offered in evidence by the accused, being publications of the U. S. Public Health Service and of the State Board of Health, although they contained also matter similar to that found in the pamphlets which the accused was charged with publishing and circulating.

11. Exclusion of evidence offered to show that the accused was of recognized ability as a practitioner, and his fitness for the practice of medicine, was not error.

12. The fact that the accused had been pardoned of the offense of which he had been convicted, though effective to restore his civil rights, did not remove the legal ground for taking away the license of a practitioner. The statute declaring such legal ground is not unconstitutional.

Nos. 5871, 5872.　February 16, 1928.

Appeal. Before Judge Pomeroy. Fulton superior court. December 16, 1926.

*Norman I. Miller,* for plaintiff in error.　*J. Z. Foster,* contra.

Beck, P. J. These two cases were argued together, and the same questions are raised in each record; and where the plaintiff in error, Hughes, is referred to, it includes the plaintiff in error in each case. The State Board of Medical Examiners, upon the trial of charges against Hughes, revoked his license to practice medicine, and from this judgment an appeal was taken to the superior court of Fulton County. The charges preferred against Hughes were two in number; the first one being that on March 5, 1915, he was convicted of a crime involving moral turpitude, upon an indictment which charged him with the offense of using the United States mails in furtherance of a scheme to defraud, and conspiracy, as set forth in the indictment, a copy of which was attached; the second charge being that Hughes caused the publication and circulation of an advertisement relative to diseases of the sexual organs, by means of pamphlets distributed by him to persons and to the public, both by mail and by hand, in the City of Atlanta and through the country during the year 1923, and previous thereto, during the period of his registration as a practicing physician. It was further alleged that at the time of the conviction and circulation of this advertisement Hughes

was a licentiate and registered in the office of the clerk of the superior court of Fulton County as a person lawfully engaged in the practice of medicine within the State of Georgia. These charges served upon Hughes were undated, unsigned, and unidentified. The hearing on them was held by the State Board of Medical Examiners on October 14, 1924. Demurrers to the charges were presented by Hughes and were overruled by the board, as were also objections to notice of hearing, presented at the same time. The board proceeded to a hearing on the charges as brought, and made its finding whereby Hughes was found guilty of the charges and offenses stated in the charges preferred; and a judgment was entered, revoking his license and directing that his name as such licentiate be removed from the records in the office of the clerk of the superior court of Fulton County, and from the records in the office of any other clerk of court in this State registering him as such licentiate.

The case coming on for trial in the superior court, that court overruled the objections and motion of the attorney for the defendant to the proposed use of jurors from a panel not drawn for use in the civil division; and after the court had overruled a motion to declare a mistrial, a jury was stricken. Prior to the introduction of evidence, objections to the alleged service of notice of hearing were made by the attorney for Hughes; and the court ruled that the notice was sufficient, and that the defendant was properly before the board on the second notice.

Evidence was then introduced; and after several motions were made on behalf of defendant, the court directed a verdict for the plaintiff, finding the defendant guilty of the charges preferred against him by the board, and judgment was entered thereon, cancelling and revoking his license. He moved for a new trial. The court overruled the motion, and the movant excepted. The original motion for a new trial contains the usual general grounds. An amendment was allowed, containing numerous other grounds.

1. The first ground of the amendment to the motion assigns error upon the judgment of the court overruling the objections of the movant "to the proposed use of jurors taken from the criminal panel of said court and from the panel drawn for use in the civil division of said court, and in denying the motion of attorney for movant that the case should proceed before a jury stricken from

the jury civil list, and not before a jury composed in whole or in part of a panel from the criminal division of the court." There is no merit in this objection. While for convenience, in the several divisions of the superior court in Fulton County, it may be necessary to designate the court in which the jurors shall serve, the qualifications of the jurors are the same, and the jurors composing the panels in the criminal division of the court are competent to try cases in the civil division.

2. The court did not err in overruling a motion that the court declare a mistrial upon the ground that counsel for plaintiff stated in open court, in the presence of the jury, that he was willing to take either panel of the jury; movant contending that this remark was prejudicial to the defendant. Without deciding whether ordinarily this would constitute a ground requiring the court to order a mistrial, the movant in this case was not injured by the refusal of the court so to order, because the jury did not finally pass upon the issues involved, but the court directed the verdict.

3. The exception to the ruling of the court that a certain notice was sufficient does not properly raise any question for decision by this court, where the notice is not set out either literally or in substance in the motion, or attached thereto as an exhibit; nor is the renewal of the notice, which is claimed to be insufficient, set out in the ground of the motion or so attached.

4. The court did not err in admitting in evidence the indictment and sentence of the defendant in the District Court of the United States for the Southern District of Texas, for the crime of "using the U. S. Mail in the furtherance of a scheme to defraud, and conspiracy, in violation of section 215 of the Federal Penal Code." The objection urged was that this evidence "does not serve to establish any valid charge against the defendant, upon which to base any attempted revocation of his license to practice medicine." The contention so made is not sound. See section 14 of the act to establish a Board of Medical Examiners for the State of Georgia, etc., approved August 18, 1913 (Ga. L. 1913, p. 101), and the section relating to the same subject in the act to amend the act last referred to, approved August 20, 1918 (Ga. L. 1918, p. 173).

5. Nor did the court err in admitting in evidence the sentence of the defendant in the case referred to above, offered separately;

the sentence being in accordance with the provisions of the statute.

6. The court properly admitted in evidence the petition of the defendant Hughes, seeking to enjoin the State Board of Medical Examiners from hearing the charges brought by the board, and the amendment thereto, to which amendment was attached a copy of the pamphlet with the publication and circulation of which the defendant was charged, and which constituted one of the grounds of the revocation of his license as a physician.

7. Whether or not the court should have repelled, upon objection by the defendant, certain recitals from briefs that were read upon the trial of this case, the admission of that evidence could not be hurtful to the defendant, as those recitals contained facts which were shown by°the admissions made by the defendant in his petition for injunction referred to above, and by evidence introduced by him.

8. The court properly admitted in evidence the pamphlets tendered by plaintiff, entitled "New Street Guide of Atlanta. Record Book of Useful Medical Receipts. 1923 Edition;" the contents of the pamphlet being the same as the contents of the pamphlet attached to the original charges against the defendant, which are a part of the record in this case.

9. The court did not err in overruling a motion for nonsuit.

10. The court properly repelled, when they were tendered in evidence by defendant, certain passages from four pamphlets which apparently had been issued by governmental authority, being publications of the United States Public Health Service and of the Georgia State Board of Health. The fact that these pamphlets, issued by the national Government or some department thereof, and by the Board of Health of Georgia, contained matter similar to that found in the pamphlets which the defendant was charged with publishing and circulating did not render them relevant or material in the trial of this case.

11. The court did not err in excluding evidence offered to show that the defendant was of recognized ability as a practitioner, and to show his fitness for the practice of medicine.

12. There was no error in refusing to direct a verdict for the defendant, and in directing a verdict for the plaintiff. The evidence required the verdict so directed; and the fact that the plaintiff in error had been pardoned of the offense of which he had

been convicted did not remove the ground upon which the charges against him were in part founded,—that is, that he had been convicted. While the pardon could have the effect of restoring his civil rights, it did not remove the ground which, under the act creating the State Board of Medical Examiners, is made a sufficient ground for taking away the license of a practitioner. And that act is not unconstitutional upon any of the grounds taken, as will appear from a reading of the decision in the case of *Hughes* v. *Board of Medical Examiners,* 162 *Ga.* 246 (134 S. E. 42).

*Judgments affirmed. All the Justices concur.*